Kafka *v.* Simon.

---

JOSEPH KAFKA, RESPONDENT, *v.* DAVID SIMON, APPELLANT.

*Appeal from Multnomah County.*

SET-OFF.—PLEA OF FORMER ACTION.—The action was for merchandise sold to the value of $432.40, and money advanced to the amount of $107.80. The defendant answered, denying the allegations of the complaint, and stating that he had, in an action against the present plaintiff, given him credit for $343 of the claim now made: *Held,* that it was error to instruct the jury that the complaint in the former case did not allege that the then defendant had consented to the set-off; and that if there was no other defense than the former action, the plaintiff in this action was entitled to recover the value of the goods sold and delivered by him.

*Mitchell & Dolph,* for the appellant.

THE complaint alleges, in substance, that the plaintiff during the years 1867 and 1868, sold the defendant produce and goods of the value of $432.40; and advanced him $80.50 coin, no part of which has been paid.

The answer denies the allegations of the complaint, and alleges as separate defenses:

1st. That defendant, during the years 1867 and 1868, sold plaintiff merchandise of the value of $565; and that during the same years, plaintiff paid the defendant, partly in produce and partly in money, $343, and no more; and that said produce and money so paid defendant, is the same produce and money mentioned in the complaint in this action.

2d. That before the bringing of this action, the defendant had commenced an action against the plaintiff for the unpaid balance of his said account, in justice's court for Central Portland Precinct, Multnomah county; and in his complaint in that action, had given plaintiff credit for said sum of $343 in currency, so paid in produce and money; and that plaintiff had filed his answer in said action, admitting such payment, and claiming a greater payment—(copies of the pleadings in the former action being attached to the answer)—and that judgment had been rendered in said court in favor of plaintiff in said action, the defendant herein, for the sum of $166.50 damages, and $14.50 costs. That said produce so credited is the identical merchandise sued for in this action.

It is evident from the pleadings in the former suit, that this plaintiff received credit in that action for $343 claimed in this; that it was credited with his consent, because he filed an answer, in which he admitted that that amount had been paid in produce by him.

The court erred in refusing to instruct the jury, as requested, in writing, by the defendant:

"1st. That if the jury are satisfied that any portion of the plaintiff's account, set up in the complaint, was allowed the plaintiff as a credit in the complaint in the former action, the plaintiff cannot recover in this action for the same items.

Kafka *v.* Simon.

"2d.    That if plaintiff and defendant, during the times mentioned (in the pleadings) had mutual accounts, and the items set up in the complaint were received by Simon to apply on account, then, so far as the same were allowed Kafka in the former action, the plaintiff cannot recover for them in this action.

"3d.    That the former action set up in this action is a bar to any recovery in this action."

"4th.    If the produce furnished the defendant by the plaintiff was placed to his credit on account, with plaintiff's consent, and allowed in the former suit, plaintiff cannot recover for the same items in this action."

5th.    The court erred in instructing the jury " that there was no question raised by the pleadings as to whether the produce received by the defendant was received upon account of goods sold by defendant to plaintiff, and allowed plaintiff in the former action; and that the jury had nothing to do with that question."    To which charge, defendant, by his counsel, duly excepted.

6th.    The court erred in instructing the jury as follows: The effect of withdrawing the answer was to leave the same matters to be determined in that case, as if no answer had been filed.    It is not alleged in the complaint that a balance between the parties had been struck, or agreed upon, and it is not alleged that Kafka had agreed to set off his demand.    But the record in that case does not show that the question was adjudged and determined in that action.    If Kafka had a valid and subsisting claim against Simon for produce sold and delivered, he could either plead it as a set off, or keep it as a foundation for a new action. If he had such a claim, he is not barred by that record from recovering for the produce so sold to Simon."

An agreement that goods furnished by the debtor shall go in satisfaction of the debt is equivalent to an actual payment to that extent.    (Smith's Mercantile Law, 657, n. 2; *Hooper* v. *Stephens,* 4 Ad. & E. 71; *Hart* v. *Nash,* 2 C. M. & R. 337.)

The appellate court had no power to allow the answer in

the former action to be withdrawn; and the withdrawal of said answer could have no other effect than abandoning the appeal, leaving the judgment of the court below to be affirmed.

The statute (page 597, sec. 77) contemplates that an action appealed from justice's court, shall be tried in the appellate court upon the same issues made in the court below; and it must be too apparent to require argument, that the judgment of the appellate court must be a final determination of all the issues made and tried in the justice's court. Neither party can make new issues; neither party, it appears to us, can avoid the effect of the former adjudication upon the issues already made, except by a reversal of the former judgment upon the appeal in the same action.

So far as the subject matter in controversy has been once adjudicated upon, the parties are concluded by it. (*Gardner* v. *Buckbee*, 3 Cowen, 120; *Wright* v. *Butler*, 6 Wend. 289; *Etheridge* v. *Osborn*, 12 Wend. 399; *Gray* v. *Dougherty*, 25 Cal. 266; *People* v. *Supervisors*, 27 Cal. 655.)

*J. G. Wilson*, for the respondent. To sustain a plea of a former adjudication, it must appear that the actual point in issue between the parties had already been determined, and such determination must have been on the merits. (15 Iowa, 30; 14 Id. 379.)

It is immaterial whether parol evidence may or may not be admitted in a proper case, to show what transpired on a former trial, when the former pleadings are insufficient to embrace the matter in question.

The record shows that this cause of action was not a matter that could be determined in that action after the answer was withdrawn by leave of the court. Had the former action been for a balance alleged to have been agreed upon, the appellant's argument would hold good, and a judgment by default would be a bar.

But there is no allegation in the pleadings, in either action, that the parties had accounted together, or agreed upon a balance; nor that there ever was any agreement that

the merchandise sold by this plaintiff should be applied on account, or in payment.

The present action is an independent claim for goods sold, which Kafka had a right to plead as a set-off in the former action, or to reserve for the foundation of this action. (Code, secs. 71 and 72.)

Kafka's answer being withdrawn, there is not a statement in the pleadings in either action to indicate an intention of either party to apply these goods in payment, or on account, or as a set-off. And it is not in the power of a plaintiff to compel a defendant to plead his set-off in such a case, or to plead it for him. To embrace the matter in his complaint, he should have alleged that the defendant had agreed upon a balance, or he should have shown by his pleading that there was an agreement that the goods sold should be applied on account.

The statement in the answer which was withdrawn, may be an admission that would be evidence in a proper case, but after the answer was withdrawn by leave, it was no longer a pleading in the case, and it is not alleged in any pleading in either case that the goods were applied in payment. The motion for leave to withdraw the answer was addressed to the discretion of the court. The record shows that Kafka's motion for a continuance had been denied, and the presumption in favor of the record is, that the leave was granted for good cause.

To hold that the then defendant could be compelled to litigate his set-off in that action, when he had obtained leave of the court, and had withdrawn his answer, and had allowed judgment to go against him for want of answer, would make the granting of leave a nullity, and would establish the doctrine that the parties can make a record without pleadings.

There is no issue in the present case which would warrant any evidence as to goods sold by Simon to Kafka, or any instructions asked with reference thereto.

The charge of the court below fully covered all questions arising on the subject of application of accounts or money, in payments of indebtedness, in the first instructions given, and it was not error to refuse to re-give them.

It is true that in the former action Simon made no allegation that there had been an accounting, or that the goods were sold to him on account, or that Kafka had consented that they should be applied on account, or should be set off. It is simply a complaint for goods sold and delivered, containing naked admission of part payment. It was not error to instruct that under that complaint the judgment was not a bar to this action.

THAYER, J. This was an appeal from a judgment recovered in the circuit court for Multnomah county, in which the respondent, Kafka, was plaintiff, and the appellant, Simon, was defendant. Plaintiff alleged in the complaint, that during the years 1867 and 1868 he sold to the defendant goods, wares and merchandise, amounting in the aggregate to $432.40 in United States currency, and during the same time advanced to the defendant $107.80 currency, no part of which had been paid. The defendant in his answer denied the allegations in the complaint and averred, that during said time, he sold to the plaintiff goods, wares and merchandise to the value of $565; that plaintiff had paid to apply thereon in money and produce the equivalent of $343 currency; also, that the defendant, before the commencement of this action, commenced an action against the plaintiff for the unpaid balance of his said account, in a justice's court in Multnomah county, and that in his complaint therein he gave credit for the said sum of $343 currency, the amount so paid, and in the action in said justice's court, recovered judgment for the sum of $166.50, besides costs. That said Kafka appealed to the circuit court of Multnomah county. That when the appeal was perfected, Kafka obtained leave from the court to withdraw his answer, whereupon Simon obtained judgment for the sum of $222 and costs. That the merchandise, produce and money for which this action was brought by Kafka was the same which was credited him by Simon in the justice's court, and on appeal to the circuit court, where the answer was withdrawn, and the defendant Simon claims that the same was a bar.

Plaintiff, Kafka, in his reply, admitted the recovery of the judgment in the justice's and circuit courts, and claimed that he had paid Simon more than $343. That he had sold and advanced to him in goods and cash to the amount of $542.20 currency. There was no denial in the reply of the allegation in the answer that the credit given by Simon in his complaint for merchandise, produce and money, was the same for which this action was brought, and it appeared that the only issue between the parties, in the justice's court, upon that point, was whether Kafka was entitled to be credited for more than $343.

Simon claimed that he should be allowed in this action the amount he had credited Kafka in the former action in the justice's court, and on appeal to the circuit court. Several questions were raised upon the trial by Simon's counsel, which are presented by the bill of exceptions. The court has not deemed it necessary to examine any more than the following. After the jury retired they came in for further instructions, and the foreman asked the court as follows:

"If I am satisfied that the plaintiff has been allowed by Simon in the first suit for the produce, should the jury give the plaintiff a verdict for the same produce?"

The judge, in reply, charged the jury, that they had nothing to do with what Simon undertook to set off in the former case; that the complaint in that case did not allege that Kafka had consented to set off his claim, and that if there was no other defense than the former judgment, all they had to do, was to ascertain whether the plaintiff had sold and delivered to defendant produce, and if any, how much and what was its value, and to render a verdict accordingly. This charge was duly excepted to by Simon's counsel.

The jury returned a verdict for $155.98 in favor of Kafka.

We think this charge was erroneous; that under the circumstances of this case, Kafka would have no right to recover upon a claim which had already been allowed him and of which he had received the full benefit. The circuit court

37

seems to have gone upon the theory, that unless the merchandise and produce for which this action was brought had been received by Simon under an agreement, that it should be received, in payment of the merchandise, etc., he had let Kafka have, it would be no defense, although Simon had actually allowed Kafka therefor in the former action. This is evident, from the fact that the court was requested to charge, that if the jury was satisfied, that any portion of Kafka's account, had been allowed by Simon as a credit in the complaint in the former action, that Kafka could not recover in this action for the same items, and refused to do so. It is true, no doubt, that when there are mutual independent claims between two parties, that neither can sue the other and compel him to bring in his claims as a set-off or counter claim. But by examining the pleadings in the case in the justice's court, which were made an exhibit in Simon's answer herein, it will be seen that Kafka clearly admits that the produce, etc., was received by Simon in payment of his claim against Kafka.

The language of Kafka's answer in the former case in the justice's court is, that he denies that he has paid, on account of the merchandise, etc., no more than $343, in currency; but says he has paid plaintiff Simon, in merchandise, produce and cash $500, currency. This presents the following state of facts: Simon sues Kafka for a balance upon merchandise sold, admitting in his complaint that Kafka has paid him, to apply thereon in a certain manner, $343. Kafka says, by his sworn answer, that he has not only paid him that amount, but more—to wit, $500. The issue is tried; Simon gets a judgment for the balance of his account, after allowing the $343. Kafka appeals, and after the case reaches the appellate court, obtains leave to withdraw his answer, and Simon takes judgment for such balance. After all this has occurred, Kafka claims the right to recover, in another action against Simon, the same amount allowed him in the former, and not allow Simon to claim the same as any defense. It is the opinion of this court, that Kafka, under the circumstances mentioned, is precluded from saying that the

merchandise, produce and money for which this action is brought, was not received by Simon to apply as payment upon the merchandise, etc., that he sold to Kafka.

For these reasons, the judgment of the circuit court is reversed and the cause remanded to the court below for a new trial.